**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LESYA SHUNEVYCH, | No.   15-73797 |
| Petitioner, | Agency No. A076-667-235 |
| v. | |
| JEFFERSON B. SESSIONS, III, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 14, 2017**

Before:    GOODWIN, FARRIS, and FERNANDEZ, Circuit Judges.

Lesya Shunevych, a native and citizen of Ukraine, petitions for review of the

Board of Immigration Appeals' order dismissing her appeal from an immigration

judge's order denying her motion to reopen removal proceedings conducted in

absentia.  Our jurisdiction is governed by 8 U.S.C. § 1252.  We review for abuse of

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

discretion the denial of a motion to reopen, and review de novo constitutional claims. *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We deny in part and dismiss in part the petition for review.

The agency did not abuse its discretion in denying Shunevych's motion to reopen, where it was filed fourteen years after issuance of her order of removal in absentia, and Shunevych failed to establish any statutory or regulatory basis to excuse the untimeliness of her motion. *See* 8 C.F.R. § 1003.23(b)(4)(i), (ii) (setting 180-day deadline for motions to reopen in absentia removal orders based on exceptional circumstances, and no deadline for motions based on lack of notice of a hearing); 8 U.S.C. § 1229a(b)(5)(C). Because Shunevych was personally served a Notice to Appear that informed her of her obligation to update the court with a current address, but she failed to do so, the agency was not required to provide written notice of the hearing. *See* 8 U.S.C. § 1229a(b)(5)(B) ("No written notice shall be required under subparagraph (A) if the alien has failed to provide the address required under section 1229(a)(1)(F) of this title."). The Notice to Appear did not have to be provided in any language other than English. *See Flores-Chavez v. Ashcroft*, 362 F.3d 1150, 1155 n.4 (9th Cir. 2004) ("Current law does not require that the Notice to Appear . . . be in any language other than English."); *Popa v. Holder*, 571 F.3d 890, 897-98 (9th Cir. 2009).

15-73797

To the extent Shunevych challenges the agency's decision not to invoke its sua sponte authority to reopen, we lack jurisdiction over that contention. *See Mejia-Hernandez v. Holder*, 633 F.3d 818, 823-24 (9th Cir. 2011); *cf. Bonilla v. Lynch*, 840 F.3d 575, 588 (9th Cir. 2016).

To the extent Shunevych contends changed conditions in Ukraine warrant reopening, we lack jurisdiction to consider this unexhausted contention. *See Tijani v. Holder*, 628 F.3d 1071, 1080 (9th Cir. 2010).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**